**FISHER & PHILLIPS LLP**
430 Mountain Avenue
Murray Hill, New Jersey 07974
(908) 516-1050
Attorneys for Defendant
Attorney of Record:  Kathleen McLeod Caminiti

|  |  |
|---|---|
| ROBERT S. CONRAD, SR.,<br><br>        Plaintiff,<br><br>              vs.<br><br>THE WACHOVIA GROUP LONG-<br>TERM DISABILITY PLAN,<br><br>        Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No. 1:08-cv-05416-RMB-AMD<br><br>**ANSWER TO COMPLAINT** |

Defendant Wachovia Corporation Long-Term Disability Plan, incorrectly sued herein as The Wachovia Group Long-Term Disability Plan ("Wachovia LTD Plan" or "Defendant"), by its undersigned counsel, by way of Answer to the Complaint of Plaintiff Robert S. Conrad, Sr. ("Conrad" or "Plaintiff") says:

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, except to acknowledge that Plaintiff purports to bring this action to recover long-term disability ("LTD") benefits.

## AS TO JURISDICTION AND VENUE

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence in paragraph 2 of the Complaint, except to acknowledge that Plaintiff purports to bring this action under the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Defendant states that the second and third sentences of paragraph 2 of the Complaint call for legal conclusions for which no responsive pleading is required.

3.     Defendant states that the allegations contained in paragraph 3 of the Complaint call for a legal conclusion for which no responsive pleading is required.

## AS TO PARTIES

4.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.     Except to admit that Plaintiff was employed by Wachovia Corporation ("Wachovia") and that Wachovia offers health and welfare plans covered by ERISA, including the Wachovia LTD Plan, Defendant states that the allegations contained in paragraph 5 of the Complaint call for a legal conclusion for which no responsive pleading is required.

6.     Defendant denies the allegations contained in paragraph 6 of the Complaint, except to admit that Liberty Life Insurance Company of Boston ("Liberty") was the claims administrator for the Wachovia LTD Plan.

## AS TO FACTUAL BACKGROUND

7.     Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.    Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.    Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.    Defendant denies the allegations contained in paragraph 15 of the Complaint, except to admit that Plaintiff was given a copy of the Summary Plan Description of benefits in January 2005.

16.    Defendant denies the allegations contained in paragraph 16 of the Complaint, except to refer to a true and correct copy of the Wachovia Short-Term Disability ("STD") Plan for its contents, terms and conditions.

17.    Defendant denies the allegations contained in paragraph 17 of the Complaint, except to refer to a true and correct copy of the Wachovia Short-Term Disability ("STD") Plan for its contents, terms and conditions and referred to therein for its contents.

18.    Defendant denies the allegations contained in paragraph 18 of the Complaint, except to refer to a true and correct copy of the Wachovia Short-Term Disability ("STD") Plan for its contents, terms and conditions.

19.    Defendant denies the allegations contained in paragraph 19 of the Complaint, except to refer to a true and correct copy of the Wachovia Short-Term Disability ("STD") Plan for its contents, terms and conditions.

20.    Defendant denies the allegations contained in paragraph 20 of the Complaint, except to refer to a true and correct copy of the Wachovia Short-Term Disability ("STD") Plan for its contents, terms and conditions.

21.    Defendant admits the allegations contained in paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained in paragraph 22 of the Complaint, except to refer to a true and correct copy of the Wachovia LTD Plan for its contents, terms and conditions.

23.    Defendant denies the allegations contained in paragraph 23 of the Complaint, except to refer to a true and correct copy of the Wachovia LTD Plan for its contents, terms and conditions.

24.    Defendant denies the allegations contained in paragraph 24 of the Complaint, except to refer to a true and correct copy of the Wachovia LTD Plan for its contents, terms and conditions.

25.    Defendant denies the allegations contained in paragraph 25 of the Complaint, except to refer to a true and correct copy of the Wachovia LTD Plan for its contents, terms and conditions.

26.    Defendant denies the allegations contained in paragraph 26 of the Complaint, except to refer to a true and correct copy of the Wachovia LTD Plan for its contents, terms and conditions.

27.    Defendant denies the allegations contained in paragraph 27 of the Complaint, except to refer to a true and correct copy of the Wachovia LTD Plan for its contents, terms and conditions.

28.    Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.    Defendant denies the allegations contained in paragraph 29 of the Complaint, except to refer to a true and correct copy of the Wachovia LTD Plan for its contents, terms and conditions.

30.    Defendant denies the allegations contained in paragraph 30 of the Complaint, except to refer to a true and correct copy of the Wachovia LTD Plan for its contents, terms and conditions.

31.    Defendant denies the allegations contained in paragraph 31 of the Complaint, except to refer to a true and correct copy of the Wachovia LTD Plan for its contents, terms and conditions.

32.    Defendant denies the allegations contained in paragraph 32 of the Complaint, except to refer to a true and correct copy of the Wachovia LTD Plan for its contents, terms and conditions.

33.    Defendant denies the allegations contained in paragraph 33 of the Complaint, except to refer to a true and correct copy of the Wachovia LTD Plan for its contents, terms and conditions.

34.    Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.    Defendant admits the allegations contained in paragraph 35 of the Complaint.

36.    Defendant denies the allegations contained in paragraph 36 of the Complaint, except to refer to a true and correct copy of the correspondence dated December 31, 2004 referred to therein for its contents.

37.    Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.    Defendant denies the allegations contained in paragraph 38 of the Complaint, except to refer to a true and correct copy of the correspondence dated May 30, 2006 referred to therein for its contents.

39.    Defendant denies the allegations contained in paragraph 39 of the Complaint, except to refer to a true and correct copy of the correspondence dated June 26, 2006 referred to therein for its contents.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint, except to refer to a true and correct copy of the correspondence dated June 26, 2006 referred to therein for its contents.

41.     Defendant denies the allegations contained in paragraph 41 of the Complaint, except to refer to a true and correct copy of the correspondence dated June 29, 2006 referred to therein for its contents.

42.     Defendant denies the allegations contained in paragraph 42 of the Complaint, except to refer to a true and correct copy of the correspondence dated August 9, 2006 referred to therein for its contents.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint, except to refer to a true and correct copy of the correspondence dated August 9, 2006 referred to therein for its contents.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint, except to refer to a true and correct copy of the correspondence dated September 5, 2006 referred to therein for its contents.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint, except to refer to a true and correct copy of the correspondence dated December 7, 2006 referred to therein for its contents.

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint, except to refer to a true and correct copy of the correspondence dated December 7, 2006 referred to therein for its contents.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint, except to refer to a true and correct copy of the correspondence dated December 17, 2006 referred to therein for its contents.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint, except to refer to a true and correct copy of the correspondence dated January 6, 2007 referred to therein for its contents.

51.     Defendant denies the allegations contained in paragraph 51 of the Complaint, except to admit that Liberty suspended Conrad's benefits on January 10, 2007 as a result of his failure to provide the medical information requested.

52.     Defendant denies the allegations contained in paragraph 52 of the Complaint, except to refer to a true and correct copy of the correspondence dated January 10, 2007 referred to therein for its contents.

53.     Defendant denies the allegations contained in paragraph 53 of the Complaint, except to refer to a true and correct copy of the correspondence dated January 11, 2007 referred to therein for its contents.

54.     Defendant denies the allegations contained in paragraph 54 of the Complaint, except to refer to a true and correct copy of the correspondence dated January 11, 2007 referred to therein for its contents.

55.    Defendant denies the allegations contained in paragraph 55 of the Complaint, except to refer to a true and correct copy of the correspondence dated February 20, 2007 referred to therein for its contents.

56.    Defendant denies the allegations contained in paragraph 56 of the Complaint, except to refer to a true and correct copy of the correspondence dated February 21, 2007 referred to therein for its contents.

57.    Defendant denies the allegations contained in paragraph 57 of the Complaint, except to refer to a true and correct copy of the correspondence dated February 21, 2007 referred to therein for its contents.

58.    Defendant denies the allegations contained in paragraph 58 of the Complaint, except to refer to a true and correct copy of the correspondence dated March 23, 2007 referred to therein for its contents.

59.    Defendant denies the allegations contained in paragraph 59 of the Complaint, except to refer to a true and correct copy of the correspondence dated April 24, 2007 referred to therein for its contents.

60.    Defendant denies the allegations contained in paragraph 60 of the Complaint, except to refer to a true and correct copy of the correspondence dated April 24, 2007 referred to therein for its contents.

61.    Defendant denies the allegations contained in paragraph 61 of the Complaint, except to refer to a true and correct copy of the correspondence dated April 24, 2007 referred to therein for its contents.

62.     Defendant denies the allegations contained in paragraph 62 of the Complaint, except to refer to a true and correct copy of the correspondence dated April 25, 2007 referred to therein for its contents.

63.     Defendant denies the allegations contained in paragraph 63 of the Complaint, except to refer to a true and correct copy of the correspondence dated April 25, 2007 referred to therein for its contents.

64.     Defendant denies the allegations contained in paragraph 64 of the Complaint, except to refer to a true and correct copy of the correspondence dated April 25, 2007 referred to therein for its contents.

65.     Defendant denies the allegations contained in paragraph 65 of the Complaint, except to refer to a true and correct copy of the Wachovia LTD Plan for its contents, terms and conditions.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 66 of the Complaint.  Defendant denies the allegations contained in the second sentence of paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in paragraph 67 of the Complaint, except to refer to a true and correct copy of the correspondence dated April 25, 2007 referred to therein for its contents.

68.     Defendant denies the allegations contained in paragraph 68 of the Complaint, except to refer to a true and correct copy of the correspondence dated May 17, 2007 referred to therein for its contents.

69.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in paragraph 70 of the Complaint, except to refer to a true and correct copy of the correspondence dated May 17, 2007 referred to therein for its contents.

71.     Defendant denies the allegations contained in paragraph 71 of the Complaint.

72.     Defendant denies the allegations contained in paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in paragraph 73 of the Complaint, except to refer to a true and correct copy of the correspondence dated May 23, 2007 referred to therein for its contents.

74.     Defendant denies the allegations contained in paragraph 74 of the Complaint, except to refer to a true and correct copy of the correspondence dated May 23, 2007 referred to therein for its contents.

75.     Defendant denies the allegations contained in paragraph 75 of the Complaint, except to refer to a true and correct copy of the correspondence dated June 6, 2007 referred to therein for its contents.

76.     Defendant denies the allegations contained in paragraph 76 of the Complaint, except to refer to a true and correct copy of the correspondence dated June 6, 2007 referred to therein for its contents.

77.   Defendant denies the allegations contained in paragraph 77 of the Complaint, except to refer to a true and correct copy of the correspondence dated July 6, 2007 referred to therein for its contents.

78.   Defendant denies the allegations contained in paragraph 78 of the Complaint, except to refer to a true and correct copy of the correspondence dated August 7, 2007 referred to therein for its contents.

79.   Defendant denies the allegations contained in paragraph 79 of the Complaint, except to refer to a true and correct copy of the correspondence dated August 7, 2007 referred to therein for its contents.

80.   Defendant denies the allegations contained in paragraph 80 of the Complaint, except to refer to a true and correct copy of the correspondence dated September 10, 2007 referred to therein for its contents.

81.   Defendant denies the allegations contained in paragraph 81 of the Complaint, except to refer to a true and correct copy of the correspondence dated September 26, 2007 referred to therein for its contents.

82.   Defendant denies the allegations contained in paragraph 82 of the Complaint, except to refer to a true and correct copy of the correspondence dated November 13, 2007 referred to therein for its contents.

83.   Defendant denies the allegations contained in the first sentence of paragraph 83 of the Complaint, except to refer to a true and correct copy of the correspondence dated November 16, 2007. Defendant denies the allegations contained in the second sentence of paragraph 83 of the Complaint.

84.     Defendant denies the allegations contained in paragraph 84 of the Complaint, except to refer to a true and correct copy of the correspondence dated December 3, 2007 referred to therein for its contents.

85.     Defendant denies the allegations contained in paragraph 85 of the Complaint, except to refer to a true and correct copy of the correspondence dated December 19, 2007 referred to therein for its contents.

86.     Defendant denies the allegations contained in the first sentence of paragraph 86 of the Complaint, except to refer to a true and correct copy of the correspondence dated January 18, 2008.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 86 of the Complaint.

87.     Defendant denies the allegations contained in paragraph 87 of the Complaint, except to refer to a true and correct copy of the correspondence dated June 26, 2008 referred to therein for its contents.

88.     Defendant denies the allegations contained in paragraph 88 of the Complaint.

89.     Defendant denies the allegations contained in paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in paragraph 91 of the Complaint.

92.     Defendant denies the allegations contained in paragraph 92 of the Complaint.

93.     Defendant denies the allegations contained in paragraph 93 of the Complaint.

94.     Defendant admits that Plaintiff was issued a check for disability benefits in the amount of $5,327.66 for August 2004.

95.     Defendant denies the allegations contained in paragraph 95 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $5,027.66 for September 2004.

96.     Defendant denies the allegations contained in paragraph 96 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $5,027.66 for October 2004.

97.     Defendant denies the allegations contained in paragraph 97 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $5,027.66 for November 2004.

98.     Defendant denies the allegations contained in paragraph 98 of the Complaint.

99.     Defendant denies the allegations contained in paragraph 99 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $5,327.66 for December 2004.

100.  Defendant denies the allegations contained in paragraph 100 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $5,327.66 for January 2005.

101.  Defendant denies the allegations contained in paragraph 101 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $2,952.06 for February 2005.

102.  Defendant denies the allegations contained in paragraph 102 of the Complaint.

103.  Defendant denies the allegations contained in paragraph 103 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $3,196.60 for March 2005.

104.  Defendant denies the allegations contained in paragraph 104 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $3,103.22 for April 2005.

105.  Defendant denies the allegations contained in paragraph 105 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $867.56 for May 2005.

106.  Defendant denies the allegations contained in paragraph 106 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $3,196.60 for June 2005.

107. Defendant denies the allegations contained in paragraph 107 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $2,994.87 for July 2005.

108. Defendant denies the allegations contained in paragraph 108 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $2,123.48 for August 2005.

109. Defendant denies the allegations contained in paragraph 109 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $3,238.66 for September 2005.

110. Defendant denies the allegations contained in paragraph 110 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $3,216.62 for October 2005.

111. Defendant denies the allegations contained in paragraph 111 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $5,051.40 for November 2005.

112. Defendant denies the allegations contained in paragraph 112 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $5,683.93 for December 2005.

113. Defendant denies the allegations contained in paragraph 113 of the Complaint, except to admit that Plaintiff was issued a check for disability benefits in the amount of $5,981.91 for January 2006.

114.    Defendant denies the allegations contained in paragraph 114 of the Complaint.

115.    Defendant denies the allegations contained in paragraph 115 of the Complaint.

116.    Defendant denies the allegations contained in paragraph 116 of the Complaint.

117.    Defendant denies the allegations contained in paragraph 117 of the Complaint.

118.    Defendant denies the allegations contained in paragraph 118 of the Complaint.

119.    Defendant denies the allegations contained in paragraph 119 of the Complaint.

120.    Defendant denies the allegations contained in paragraph 120 of the Complaint.

121.    Defendant denies the allegations contained in paragraph 121 of the Complaint.

122.    Defendant denies the allegations contained in paragraph 122 of the Complaint.

123.    Defendant denies the allegations contained in paragraph 123 of the Complaint.

124.    Defendant denies the allegations contained in paragraph 124 of the Complaint.

125.   Defendant denies the allegations contained in paragraph 125 of the Complaint.

126.   Defendant denies the allegations contained in paragraph 126 of the Complaint.

127.   Defendant denies the allegations contained in paragraph 127 of the Complaint.

128.   Defendant denies the allegations contained in paragraph 128 of the Complaint.

129.   Defendant denies the allegations contained in paragraph 129 of the Complaint.

130.   Defendant denies the allegations contained in paragraph 130 of the Complaint.

131.   Defendant denies the allegations contained in paragraph 131 of the Complaint.

132.   Defendant denies the allegations contained in paragraph 132 of the Complaint.

133.   Defendant denies the allegations contained in paragraph 133 of the Complaint.

134.   Defendant denies the allegations contained in paragraph 134 of the Complaint.

135.   Defendant denies the allegations contained in paragraph 135 of the Complaint.

136.   Defendant denies the allegations contained in paragraph 136 of the Complaint.

137.   Defendant denies the allegations contained in paragraph 137 of the Complaint.

138.   Defendant denies the allegations contained in paragraph 138 of the Complaint.

## AS TO FIRST COUNT
## ERISA

139.   Defendant repeats and realleges each and every answer contained in paragraphs 1 through 138 of the Complaint, as if fully set forth herein.

140.   Defendant denies the allegations contained in paragraph 140 of the Complaint.

141.   Defendant denies the allegations contained in paragraph 141 of the Complaint.

142.   Defendant denies the allegations contained in paragraph 142 of the Complaint.

143.   Defendant denies the allegations contained in paragraph 143 of the Complaint.

144.   Defendant denies the allegations contained in paragraph 144 of the Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief sought in his Prayer for Relief and demands judgment in its favor and against Plaintiff, dismissing

the Complaint in its entirety and with prejudice, and awarding Defendant its costs and attorney's fees and any further relief deemed appropriate by the Court.

## AS TO SECOND COUNT

145.   Defendant repeats and realleges each and every answer contained in paragraphs 1 through 144 of the Complaint, as if fully set forth herein.

146.   Defendant denies the allegations contained in paragraph 146 of the Complaint.

147.   Defendant denies the allegations contained in paragraph 147 of the Complaint.

148.   Defendant denies the allegations contained in paragraph 148 of the Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief sought in his Prayer for Relief and demands judgment in its favor and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and awarding Defendant its costs and attorney's fees and any further relief deemed appropriate by the Court.

## AFFIRMATIVE DEFENSES

Without conceding that the Defendant bears the burden of proof as to any issue, Defendant asserts the following defenses to the Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts that it has discharged its duties with respect to the employee welfare benefit plan in the interest of the Plan participants and their beneficiaries, and in so doing, Defendant has acted in accordance with the documents and instruments governing the Plan.

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's claims are barred because the claims determination was not arbitrary, capricious, unreasonable, or made in bad faith.

### FOURTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has failed to satisfy all conditions precedent to any claim for benefits in that he has failed to present sufficient medical evidence demonstrating disability as defined by the Plan.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff is not entitled to recovery because, among other things, he has failed to comply with his burden under the terms of the Plan to submit sufficient proof of his alleged disability.

### SIXTH AFFIRMATIVE DEFENSE

Defendant asserts that any liability of Defendant is subject to the terms, conditions, limitations, endorsements, exclusions and effective dates of the applicable welfare benefits Plan documents affording long-term disability benefits.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's remedies for any alleged act or omission are limited solely to those provided by ERISA.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts that should there be a determination that Plaintiff is entitled to disability benefits, Defendant is entitled to offset from the collateral source benefits defined in the Plan as offsetting benefits, including all other disability benefits paid or payable.

## NINTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has failed to mitigate his alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Defendant asserts that any damages (assuming Plaintiff has any) were of Plaintiff's own making and not proximately caused by any action of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and unjust enrichment.

## TWELFTH AFFIRMATIVE DEFENSE

Pursuant to 29 U.S.C. §1132(g)(1), Defendant demands an award of reasonable attorneys' fees and costs incurred to defend this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert further defenses as they become evident through discovery or investigation.

WHEREFORE, Defendant, having fully answered the Complaint and asserted Affirmative Defenses thereto, requests that the instant action be dismissed in its entirety and that Defendant be awarded its costs, including reasonable attorney's fees.

FISHER & PHILLIPS LLP
Attorneys for Defendant

s/ Kathleen McLeod Caminiti
KATHLEEN McLEOD CAMINITI
E-mail: kcaminiti@laborlawyers.com

February 18, 2009

## CERTIFICATION

I hereby certify upon information and belief that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that I am not aware of any additional parties who should be joined in this action at the present time.

FISHER & PHILLIPS LLP
Attorneys for Defendant

By:   s/ Kathleen McLeod Caminiti
        KATHLEEN McLEOD CAMINITI

Dated: February 18, 2009

## DESIGNATION OF TRIAL COUNSEL

Kathleen McLeod Caminiti, Esq. is hereby designated as trial counsel.

FISHER & PHILLIPS LLP
Attorneys for Defendant

By:   s/Kathleen McLeod Caminiti
        KATHLEEN McLEOD CAMINITI

Dated: February 18, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on this date, Defendant's Answer to Complaint was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

FISHER & PHILLIPS LLP
Attorneys for Defendant


By:   s/ Kathleen McLeod Caminiti
        KATHLEEN McLEOD CAMINITI

Dated: February 18, 2009