**FISHER & PHILLIPS LLP**
430 Mountain Avenue
Murray Hill, New Jersey 07974
(908) 516-1050
Attorneys for Defendant
Attorney of Record:  Kathleen McLeod Caminiti

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT S. CONRAD, SR., <br><br>     Plaintiff, <br><br> vs. <br><br> THE WACHOVIA GROUP LONG-TERM DISABILITY PLAN, <br><br>     Defendant. | Civil Action No. 1:08-cv-05416-RMB-AMD <br><br> **CERTIFICATION OF PAULA MCGEE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

I, Paula McGee, of full age, do hereby certify as follows:

1. I am the Litigation Manager for Liberty Life Assurance Company of Boston ("Liberty"). I make this Certification based upon the records contained in the claim file maintained by Liberty in the ordinary course of business with respect to Robert S. Conrad Sr. ("Conrad"). As such, I am familiar with the facts in this case.

**A.    Plaintiff's 2003 Claim for STD.**

2. Between Monday, November 24, 2003 and Friday, November 28, 2003, Plaintiff Robert Conrad was absent from work due to illness. He returned to work on Monday, December 1, 2003. (*See* Exhibit A attached hereto which is a true and correct excerpt from Liberty's Claim File Notes regarding Mr. Conrad's 2003 absence.)

3. Attached hereto as Exhibit B is a true and correct copy of a letter, dated January 19, 2004, from Tosha Darby to Robert Conrad, informing him that his STD claim was denied for failure to provide proof of disability, but that if he submitted supporting medical documentation within 60 days, his claim would be reopened.

4. Plaintiff failed to provide supporting medical information within the requisite time period, and accordingly, his claim was not reopened.

5. Plaintiff did not appeal this denial of STD benefits.

### B. Plaintiff's Return to Work on a Part-Time Basis and Partial LTD Claim.

6. Attached hereto as Exhibit C is a true and correct copy of two (2) letters, both dated January 10, 2005, from Dr. George M. Sanders and Dr. George J. Petruncio, respectively, clearing Plaintiff to return to work on a part-time basis (Bates numbered *Liberty/Conrad 1162 and 1166*).

7. Plaintiff remained at home, however, for the next nine (9) months, finally returning to work on a part-time basis on October 10, 2005. Plaintiff's medical status was changed from fully disabled to partially disabled and he continued to receive benefits pursuant to the terms of the LTD Plan.

8. On July 7, 2005, plaintiff's claim for social security disability benefits was denied because he did not satisfy the definition of "disabled." A true and correct copy of the Social Security Administration's letter to plaintiff dated July 7, 2005, which is part of Liberty's claim file, is attached hereto as Exhibit D.

9. Plaintiff's request for reconsideration of the Social Security Administration's rejection of his claim for disability benefits was denied on March 24,

2006. A true and correct copy of the Social Security Administration's letter to plaintiff affirming its denial of disability benefits, maintained as part of Conrad's claim file, is attached hereto as Exhibit E.

10. Attached hereto as Exhibit F is a true and correct copy of a letter, dated December 8, 2006, from Kate Schulz to Robert Conrad, advising Plaintiff that to remain eligible for LTD benefits beyond the 24th month, he must meet the Plan's definition of "disability" (Bates numbered *Liberty/Conrad 480-481*).

11. Plaintiff reached his 24 month anniversary of receiving either full or partial LTD benefits on February 1, 2007.

12. In order to determine whether Plaintiff continued to meet the Plan's definition of disability, Liberty retained the services of Paul F. Howard, Board Certified in Internal Medicine, with a sub-specialty Board in Rheumatology, to clarify Plaintiff's level of functional ability and to help assess whether or not he continued to meet Wachovia's LTD Plan's definition of disability.

13. Attached hereto as Exhibit G is a true and correct copy of a letter, dated March 23, 2007, from Kate Schulz to Robert Conrad (Bates numbered *Liberty/Conrad 330-331*).

14. Attached hereto as Exhibit H is a true and correct copy of the Independent Peer Review, dated March 26, 2007, by Dr. Paul F. Howard, with cover letter from MLS National Medical Evaluation Services to Liberty, dated March 28, 2007 (Bates numbered *Liberty/Conrad 345-352*).

15. Attached hereto as Exhibit I is a true and correct copy of the Transferable Skills Analysis done on Robert Conrad, dated April 30, 2007, by Janette Purtell, VCM (Bates numbered *Liberty/Conrad 339-341*).

16. Attached hereto as Exhibit J is a true and correct copy of a letter, dated May 23, 2007, from Kate Schulz to Robert Conrad (Bates numbered *Liberty/Conrad 225-229*).

17. Attached hereto as Exhibit K is a true and correct copy of a letter, dated November 13, 2007, from Thomas Hagner, Esq. to Kate Schulz (Bates numbered *Liberty/Conrad 150-159*).

18. Attached hereto as Exhibit L is a true and correct copy of a letter, dated November 16, 2007, from Thomas Hagner, Esq. to Kate Schulz (Bates numbered *Liberty/Conrad 139-140*).

19. Attached hereto as Exhibit M is a true and correct copy of a letter, dated December 3, 2007, from June Arrington to Thomas J. Hagner, Esq. (Bates numbered *Liberty/Conrad 136-138*).

20. Attached hereto as Exhibit N is a true and correct copy of a letter, dated January 18, 2008, from MLS National Medical Evaluation Services, Inc. to Lindsay Mack, Liberty, enclosing the Independent Peer Review Report of Robert Conrad, dated January 16, 2008, prepared by Theodore Hubley, M.D. (Bates numbered *Liberty/Conrad 100-107*).

21. Attached hereto as Exhibit O is a true and correct copy of a letter, dated January 18, 2008, from Lindsay Mack to Thomas J. Hagner, Esq. (Bates numbered *Liberty/Conrad 112-116*).

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

_Paula McGee_

Paula McGee

Dated: January 11, 2010