**FISHER & PHILLIPS LLP**
430 Mountain Avenue
Murray Hill, New Jersey 07974
(908) 516-1050
Attorneys for Defendant
Attorney of Record: Kathleen McLeod Caminiti, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT S. CONRAD, SR.,<br><br>Plaintiff,<br><br>vs.<br><br>THE WACHOVIA GROUP LONG-TERM DISABILITY PLAN,<br><br>Defendant. | Civil Action No. 1:08-cv-05416-RMB-AMD<br><br>**DEFENDANT'S SUPPLEMENTAL LOCAL CIVIL RULE 56.1 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE** |

Pursuant to Local Civil Rule 56.1, defendant Wachovia Corporation Long-Term Disability Plan (hereinafter "Wachovia LTD Plan" or "Defendant"), incorrectly denominated in the caption as "The Wachovia Group Long-Term Disability Plan," sets forth the following material facts as to which there is no dispute, in further support of its Motion for Summary Judgment:

1. Between Monday, November 24, 2003 and Friday, November 28, 2003, plaintiff was absent from work due to illness. He returned to work on

Monday, December 1, 2003.[1]  (*See* McGee Certif. in Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment, Ex. A at p. 1293.)

2. On December 22, 2003, Plaintiff called Wachovia's Claims Administrator, Liberty Mutual ("Liberty") and reported an STD claim with a date of disability of November 25, 2003 to Disability Case Manager Tosha Darby. It was assigned Claim No. 1201957. (*Id.* at p. 1295.)

3. On January 19, 2004, Ms. Darby sent two (2) denial letters to plaintiff, one regarding the denial of his STD claim, and the other regarding the denial of his New Jersey Temporary Disability Benefits claim. (*Id.* at Exs. E and F.) The letter regarding STD benefits advised Plaintiff as follows:

> We have not received medical information to support a condition of such severity as to preclude you from performing your occupation as a Financial Advisor. To support your claim, on January 12, 2004, a request for medical information was faxed to the office of Dr. George Petrunzio. To date, we have not received a response. Therefore, your claim for STD leave has been closed.
>
> You have the right to have your claim reopened by providing the documentation requested above within 60 days from the date of this letter to the Liberty Life Assurance Company of Boston representative signing this letter. In addition, please

---

[1] Mr. Conrad was apparently admitted to a hospital on November 23, 2003 and was discharged on November 28, 2003. Since November 27, 2003 was Thanksgiving Day, a company holiday, plaintiff actually missed just four (4) days of work. (McGee Certif. in Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment, Ex. A.)

> feel free to include any additional information that you feel support why your claim should not have been closed.
>
> If you have any questions, please feel free to contact our office at the number below.

(*Id.*, Ex. E at p. 1304.)   The second letter stated that if plaintiff wanted to appeal this decision, he could do so by writing to the Division of Temporary Disability Insurance, Irregular and Disputed Claims, Section CN957, Trenton, NJ 08625-0967. (*Id.*, Ex. F at p. 1302.)

4.   Also on January 19, 2004, Ms. Darby wrote to the New Jersey Department of Labor, enclosing copies of plaintiff's claims file and the denial letter that was sent to plaintiff on that same date. (*Id.*, Ex. G.)

5.   On January 19, 2004, Ms. Darby also telephoned both the plaintiff and his manager, Mr. Nicholas J. Mekosh, to inform them of the STD claim denial. Ms. Darby left voicemail messages for both of them. (*Id.*, Ex. A at p. 1293-1294.)

6.   On January 20, 2004, Ms. Darby formally advised plaintiff's manager, Mr. Mekosh, by letter, that plaintiff's STD claim had been denied, stating, "Please note that if the requested medical documentation is submitted, we will provide you with an update of the claim status at that time." (*Id.*, Ex. I.)

7.  Also on January 20, 2004, Mr. Conrad telephoned Ms. Darby to discuss the January 19, 2004 denial of his claim. (*Id.*, Ex. A at p. 1293.) That conversation is documented in Liberty's Claim File Notes as follows:

> Claimant returned call to discuss claim…Explained to him that we had sent request for meds to Dr. Petrunzio's office; however, to date, have not gotten a response…also needed to get some general info from him regarding reason for filing claim…claimant then began to explain he had begun losing weight, rapidly and unintentionally, in September…by October, he was feeling bad…lost appetite…was seeing doctor on weekly basis…week of Thanksgiving, he was admitted to hospital…11/24/03 and discharged on 11/28/03…continued with symptoms after discharge…had endoscopy and coloscopy…hasn't had sleep test yet…had planned to have done in December but did not have time…claimant further explained he works in production sales…his production was affected and his sales were down…actually returned to work on 12/01/03…he explained he was there but he wasn't…he came back to do what he had to do to keep bringing home a paycheck…he explained to do his job, one has to have the proper attitude, ambition to sell the product…he did not have this…was sick…although feeling some better now…not fully recovered…**I again confirmed with claimant that throughout this entire time he only missed 11/24/03 thru 11/30/03 from work…he advised this was true…I then explained that he had not satisfied elimination period; therefore, would not qualify for STD benefits…claimant then explaining that he was physically at work, but really not there… not himself…he asked if there was something set up for an ongoing illness…as I began to explain intermittent, he stated whatever is going to be, is going to be…he said he wished he would have known this then…would have remained out of work for the entire month of November…he added he deals with disability products, but was not aware that Wachovia's plan had an elimination period…explained that since he had not satisfied the elimination period, we would not be able to**

> **consider claim; however, going forward, if symptoms reoccur or something else comes up…if he misses at least eight days from work, he can file claim…claimant advised he understood.**

(*Id.* at p. 1293, emphasis added.)

8. There is no record in the claims file that plaintiff ever advised Ms. Darby that he had been out of work due to various ailments for 13 days in November 2003 and 9 days in December 2003 as alleged in plaintiff's summary judgment brief. (*Id.*) To the contrary, the claim file notes indicate that plaintiff returned to work to "keep bringing home a paycheck" and, had he known about the required elimination period, he "*would have* remained out of work for the entire month of November." (*Id.*)

9. Plaintiff did not provide supporting medical information of his claim within the requisite time period of 60 days, and accordingly, his 2003 claim was not reopened. (*Id.*)

10. Plaintiff did not appeal this denial of STD benefits. (*Id.*)

11. Plaintiff was clearly told by Ms. Darby on January 20, 2004 that he could file another STD claim if he missed eight days from work based on a recurrence of his November 24, 2003 symptoms, or another illness. (*Id.*)

5

12. Plaintiff, however, did not file another STD claim until August 2004. (*Id.* and McGee Suppl. Certif., ¶2 and Ex. A at p. 71.)[2]

13. There is no evidence in the administrative record or in any documents provided by plaintiff, that plaintiff ever advised anyone at Liberty or Wachovia that he was absent approximately ten (10) work days per month between January 2004 and August 2004, as alleged in his summary judgment brief. (McGee Suppl. Certif. ¶¶3 and 4, and Ex. A.)

14. Plaintiff called Liberty on August 3, 2004 to file an STD claim due to chronic sleep apnea. It was assigned Claim No. 1248676. (McGee Suppl. Certif., Ex. A at p. 71.)

15. During a telephone conversation with Liberty on August 10, 2004, plaintiff told Disability Case Manager Audrey Johnson that "this has been an ongoing problem since April...[he] is currently using a CPAP machine but it [i]s not working...Dr. Morley suggested he take time off work to get this CPAP machine working properly...He has seen [Dr. Morley] twice. Last office visit was 7/22/04." (*Id.* at p. 70.)

---

[2] "McGee Suppl. Certif." refers to the Supplemental Certification of Paula McGee, submitted herewith in further support of defendant's Motion for Summary Judgment.

16. Medical records were requested by Liberty and obtained from plaintiff's healthcare providers on August 27, 2004 and August 30, 2004, respectively. (*Id.* at p. 70.)

17. On September 9, 2004, Audrey Johnson recorded in plaintiff's claim file notes that an office visit note from Dr. Morley, dated July 22, 2004, stated that Dr. Morley advised plaintiff "to go on disability...until symptoms were [under] better control." Johnson called plaintiff the same day to provide him with a claim status update. Plaintiff told her that he had not had any medical appointments since July, but that he was "contemplating a second opinion." (McGee Suppl. Certif., Ex. A at p. 70.)

18. There is no evidence in the Liberty claims file to suggest that plaintiff ever submitted any medical information earlier than August of 2004. (*See* ¶16, *supra*.) Nor is there any evidence in the administrative record or the documents provided by plaintiff to suggest that plaintiff ever made anyone at Liberty aware, prior to August 3, 2004, of any health-related concerns or absences from work. (McGee Suppl. Certif., ¶¶3 and 4, and Ex. A.)

Respectfully submitted,<br>
FISHER & PHILLIPS LLP<br>
Attorneys for Defendant<br>
<br>
By: /s/Kathleen McLeod Caminiti<br>
KATHLEEN McLEOD CAMINITI<br>
For FISHER & PHILLIPS LLP

Dated: October 21, 2010

NewJersey 172304.1