**HAGNER & ZOHLMAN, LLC**
Commerce Center
1820 Chapel Ave. West
Suite 160
Cherry Hill, New Jersey 08002
(856) 663-9090
Attorney for: Plaintiff
By: Thomas J. Hagner, Esquire

---

| | |
|---|---|
| ROBERT S. CONRAD, SR. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| vs. | CIVIL ACTION NO. 1:08-cv-05416 |
| THE WACHOVIA GROUP LONG-TERM DISABILITY PLAN; | |
| Defendant. | |

**RESPONSE AND COUNTER-STATEMENT TO DEFENDANT'S SUPPLEMENTAL LOCAL CIVIL RULE 56.1 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Civil Rule 56.1, Plaintiff, Robert S. Conrad, Sr. sets forth the following Response and Counter-Statement to Defendant's Supplemental Local Civil Rule 56.1 Statement of Material Facts Not in Dispute.

1. This statement is admitted.

2. This statement is not admitted. Plaintiff placed a phone call and advised that he had been sick since September, 2003. (Declaration of Robert Conrad dated 11-3-10)

3. This statement is not admitted for the reasons set forth in Plaintiff's Statement of Uncontested Material Facts.

4. This statement is not admitted for the reasons set forth in Plaintiff's Statement of Uncontested Material Facts.

5.  This statement is not contested.

6.  This statement is not contested.

7-8.  These statements are not admitted. Ms. Darby's notes do not fully and accurately describe the telephone conversation which she had with Mr. Conrad on January 20, 2004. In that conversation Mr. Conrad explained to Ms. Darby that his disability began in September, 2003; that he had missed numerous days in September, October and November, 2003; that he was unable to work his regular hours and that, even when he reported for work he was unable to perform his regular duties. (Declaration of Robert Conrad dated 11-3-10)

9-12.  These statements are not admitted. Mr. Conrad was advised that once the 8 day elimination period was met he could continue with his claim. Plaintiff specifically objects to the characterization as to the continuation of his claim after the exhaustion of the 8 day elimination period as "another STD claim."

13.  This statement is not admitted for the reasons set forth in the Declaration of Robert Conrad dated 11-3-10.

14.  It is not contested that Plaintiff contacted Liberty on August 3, 2004. However, the purpose was to communicate a continuation of his initial claim, not file another claim.

15.  This statement is not contested as a portion of the telephone conversation.

16.  This statement is not contested.

17.  This statement is not contested as a partial summary of part of Mr. Conrad's medical file.

18. This statement is contested for the reasons set forth in the Declaration of Mr. Conrad dated November 3, 2010 as well as the facts set forth in Plaintiff's Statement of Uncontested Material Facts dated January 13, 2010.

HAGNER & ZOHLMAN, LLC
**Attorneys for Plaintiff**

DATED: November 3, 2010        BY: _____
                                                Thomas J. Hagner