**HAGNER & ZOHLMAN, LLC**
Commerce Center
1820 Chapel Ave. West
Suite 160
Cherry Hill, New Jersey 08002
(856) 663-9090
Attorney for: Plaintiff
By: Thomas J. Hagner, Esquire

---

| | |
|---|---|
| ROBERT S. CONRAD, SR. | UNITED STATES DISTRICT COURT |
| | FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| vs. | CIVIL ACTION NO. 1:08-cv-05416 |
| THE WACHOVIA GROUP LONG-TERM DISABILITY PLAN; | |
| Defendant. | |

---

### DECLARATION OF PLAINTIFF, ROBERT CONRAD IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

**ROBERT CONRAD**, of full age, hereby certifies:

1. This Declaration is made in response to Defendant's Supplemental Local Civil Rule 56.1 Statement of Material Facts Not in Dispute. It is specifically addressed to paragraph 7 which describes the telephone conversation that I had with Tasha Darby of Liberty Mutual.

2. While Ms. Darby's note is generally accurate, it does contain a number of very significant misstatements and omissions. The explanation of my disability which I gave to Ms. Darby in the referenced telephone conversation was essentially the same as I described in my letter to Wachovia dated December 31, 2004, a copy of which is attached. (TJH Declaration in

Support of Summary Judgment dated January 13, 2010, Exhibit 4) There I indicated, among other things, that I was not working regular hours.

3. Most importantly, I absolutely never advised Ms. Darby that the only time I missed was 11-24-03 through 11-30-03. I advised her that I missed a number of full days and half days because of my illness in September, October and November. These days are specifically set forth in our letter to Liberty dated November 13, 2007. (TJH Declaration in Support of Summary Judgment dated January 13, 2010, Exhibit 41)

4. It should be noted that Ms. Darby's note expresses a general awareness that I was missing time on a regular basis as she does acknowledge the fact that I was "seeing doctor on weekly basis." She is incorrect in her details by noting that the weekly visits to the doctor began in October. In fact, they began in September.

5. Ms. Darby's note also acknowledges the fact that I advised her that I was incapable of performing the duties of my job which she alludes to by her notes that "he explained that he was there but he wasn't", and "he was physically at work, but really not there." My description of what I was experiencing was much more detailed and included my advising her that I was absent from work on a regular basis both in terms of full days, and half days. Moreover, due to my chronic fatigue, even on the days that I was in the office I was half asleep.

6. As my letter of December 31, 2004 states, I was hired by Nicholas Mekosh who was my supervisor. On the days that I did work Mr. Mekosh observed me sweating, unable to stay awake and making constant trips to the bathroom. At one point in an attempt at humor Mr. Mekosh indicated that he needed to get me a cot in the office. Therefore, the suggestion that Wachovia was not aware of my frequent absences is nonsensical.

7. During the conversation Ms. Darby advised me that I was not eligible for benefits because I was not absent for 8 consecutive work days, which I accepted as true at the time. She never mentioned that non-consecutive and partial day absences could be counted.

8. I would like to point out that in 2003, and I believe 2004, Wachovia was not distributing hard copies of the benefit booklet. Therefore, the sole means of determining one's rights and obligations under the Plan was on-line. I was very very sick at the time and my illness seriously affected my ability to concentrate and, in fact stay awake. The complexity and interrelationship of the various provisions that impacted my particular matter were extremely difficult to follow without the benefit of a hard copy. Therefore, I was looking for and relying on the assistance of Liberty and Wachovia regarding my claim.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed, November 3, 2010.

Date: 11-3-2010

ROBERT CONRAD