[NOT FOR PUBLICATION] [Docket Nos. 10 and 11]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

ROBERT S. CONRAD, SR.,

Plaintiff,

v.

THE WACHOVIA GROUP LONG TERM DISABILITY PLAN,

Defendant.

Civil No. 08-5416 (RMB) (JS)

**OPINION**

Appearances:

Thomas Joseph Hagner
Hagner & Zohlman, LLC
1820 Chapel Avenue West
Suite 160
Cherry Hill, NJ 08002
Attorney for Plaintiff

Kathleen McLeod Caminiti
Fisher & Phillips, LLP
430 Mountain Avenue
Murray, NJ 07974
Attorney for Defendant

**BUMB**, United States District Judge:

## 1. Introduction

Robert S. Conrad, Sr. ("Plaintiff") brought suit against the Wachovia Group Long Term Disability Plan[1] ("LTD Plan" or "the Plan" or "Defendant") pursuant to the Employee Retirement Income Security Act ("ERISA"), seeking recovery of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff and the Plan both move for summary judgment.

On September 21, 2010, the Court issued an Opinion wherein Plaintiff's motion was denied, without prejudice, and Defendant's motion for summary judgment was granted, in part, and denied in part, without prejudice. The Court ordered supplemental briefing on two issues:

> whether or not the Plan was presented with evidence that Plaintiff experienced Intermittent Chronic Disability between the denial of the 2003 claim and the finding of disability in 2004; and
>
> whether Plaintiff still alleges a claim for damages under ERISA § 502(c).

---

[1] The Plan notes in its moving brief that it should be properly identified as "Wachovia Corporation Long Term Disability Plan."

**II. Background[2]**

Plaintiff was a commissioned securities broker for Wachovia Corporation ("Wachovia") who participated in Wachovia's disability plan. (Plaintiff's Statement of Undisputed Facts ("Pl. SOF") ¶ 1; Defendant's Statement of Undisputed Facts ("Def. SOF") ¶¶ 1-2.) The Plan provided for disability benefits after the end of an eight-day Elimination Period, which could be satisfied by eight consecutive absences due to disability or eight non-consecutive absences due to related chronic symptoms. (Def. SOF ¶¶ 7, 15-18; Pl. SOF ¶¶ 15 - 18.) Once the Elimination Period is satisfied benefits are calculated as, *inter alia,* a percentage of pre-disability income, known as Benefits Eligible Compensation ("BEC").

In November 2003, Plaintiff was hospitalized for a period of five days, being admitted on November 24 and discharged on November 28, for a cluster of symptoms. (Pl. SOF ¶¶ 3-4; Def. Resp. SOF ¶¶ 3-4; Def. SOF ¶ 12.) Plaintiff submitted a claim for disability benefits in December 2003, which was denied because Plaintiff had not missed eight consecutive days of work. (Pl. SOF ¶¶ 11-12; Def. Resp. SOF ¶¶ 11-13.) Plaintiff admits receiving a telephone call that he would not qualify "so [he] dropped [his claim]". Pl. SOF ¶¶ 12, 127, Ex. 4; Def. SOF ¶ 13. In fact, during this telephone call a Plan representative

2 As the Court writes only for the parties, it assumes the reader's familiarity with the facts and recites only those relevant to the decision rendered herein.

attempted to explain to Plaintiff that intermittent absences could count toward the Elimination Period, and told Plaintiff to contact the Plan if his symptoms persisted. (Defs.' Sup. SOF ¶ 7.)

Plaintiff contends his symptoms persisted and contributed to his absence from work for at least 10 days a month, albeit not consecutive absences. (Pl. SOF ¶¶ 5-7.) Plaintiff also contends these absences "had a devastating effect on his commission income." (Pl. SOF ¶ 5.) Yet, Plaintiff did not contact the Plan about these intermittent absences.

In August 2004, Plaintiff stopped working entirely and was subsequently approved for disability benefits with a disability date of August 3, 2004. (Pl. SOF ¶ 8; Def. Resp. SOF ¶ 8; Def. SOF ¶ 20.) Plaintiff contends that the date of disability should be earlier than August 2, 2004, because of his intermittent absences. (Pl. SOF ¶ 36; Def. Resp. SOF ¶ 36.) Plaintiff further contends that this later disability date has resulted in an incorrect BEC because it is based on earnings that were artificially depressed by his intermittent disability.

## III. Standard

Plaintiff carries the burden to establish that Defendant's decision constituted an abuse of discretion that was "'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Hinkle v. Assurant, Inc.*,

No. 09-2710, 2010 WL 3199730, *2 (3d Cir. 2010) (*quoting Abnathya v. Hoffman-LaRoche, Inc.*, 2 F.3d 40, 45 (3d Cir. 1993)).

## IV. Analysis

Defendants denied Plaintiff's first application for disability benefits in January 2004, and Plaintiff did not appeal that decision and "dropped the claim." Accordingly, Plaintiff has waived his right to challenge that decision.

Plaintiff thereafter received disability benefits based on a disability onset date of August 3, 2004, and a resultant BEC calculation. Plaintiff appealed that decision and this Court previously concluded that Plaintiff could pursue his challenge to that decision. *See* slip op. at 25. In his appeal, Plaintiff contends his symptoms persisted and contributed to his absence from work for at least 10 days a month during the 2004 calendar year, albeit not consecutive absences, and thus, the BEC should be greater, based upon an earlier disability onset date. (Pl. SOF ¶¶ 5-7.) However, the parties' initial motion papers failed to squarely address whether Plaintiff presented evidence to the Plan of his intermittent absences. Accordingly, the Court ordered supplemental briefing.

Having reviewed the parties supplemental briefs, the Court finds that Plaintiff has failed to identify dates or present evidence of absences due to his continuing symptoms during the 2004 calendar year. Further, there is no

evidence that Plaintiff's August 2004 application for disability benefits referred to the alleged intermittent absences.

The Court also finds that Plaintiff has presented no evidence that his appeal of his August 2004 disability benefits calculation referred to alleged non-consecutive absences during the 2004 calendar year. Rather, Plaintiff's evidence indicates that Plaintiff appealed and noted that his symptoms impacted his efficiency but not that his symptoms caused him to be absent from work. (*See, e.g.,* Pl.'s Ex. 4.)

Accordingly, the Court finds that there is simply no evidence from which a trier of fact could conclude that Defendants' 2004 disability date determination and related benefits calculation was "'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *See Hinkle*, 2010 WL 3199730 at *2.

Finally, Plaintiff's supplemental brief has not addressed the second issue: whether he still alleges a claim for damages under ERISA § 502(c). The Court previously noted,

> Defendant moved for summary judgment contending that damages are not a permissible remedy under ERISA. Def.'s Br. at 18. Plaintiff offered no argument in opposition and the Court assumes that Plaintiff concedes this claim. Accordingly, Plaintiff shall withdraw his Second Count or advise the Court in his supplemental brief why Defendant is not entitled to summary judgment on his claim.

Slip op. at 29. In light of Plaintiff's failure to address this issue, the Court finds that Plaintiff has conceded the merits of Defendants' arguments. The Court

also holds that Plaintiff's claim for damages is barred as a matter of law. *See, e.g., Great W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209-10 (2002); *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985).

**V. Conclusion**

For the aforementioned reasons, Defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied. An appropriate order will issue this date.

Dated: December 2, 2010

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE