NOT FOR PUBLICATION                               [Docket Ent. No. 27]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ROBERT S. CONRAD, SR., <br><br>         Plaintiff, <br><br>     v. <br><br> THE WACHOVIA GROUP LONG TERM DISABILITY PLAN, <br><br>         Defendant. | Civil No. 08-5416(RMB/JS) <br><br> **MEMORANDUM ORDER** |

Appearances:

    Thomas Joseph Hagner
    Hagner & Zohlman, LLC
    1820 Chapel Avenue West
    Suite 160
    Cherry Hill, NJ 08002
        Attorney for Plaintiff

    Kathleen McLeod Caminiti
    Fisher & Phillips, LLP
    430 Mountain Avenue
    Murray, NJ 07974
        Attorney for Defendant

**BUMB**, United States District Judge:

    This matter comes before the Court upon a Motion for Reconsideration filed by Plaintiff Robert S. Conrad, Sr. ("Plaintiff" or "Conrad"). Plaintiff seeks reconsideration of this Court's December 2, 2010, Opinion and Order in which the Court granted summary judgment in favor of Defendant Wachovia Group Long Term Disability Plan ("Defendant").

I.  **Standard**

"Local Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Agostino v. Quest Diagnostics Inc., Civ. No. 04-4362, 2010 WL 5392688 at *5 (D.N.J. Dec. 22, 2010) (citing Bryan v. Shah, 351 F. Supp. 2d 295, 297 (D.N.J. 2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F. Supp. 2d 610, 612 (D.N.J. 2001)).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (internal citation omitted). Reconsideration is to be granted only sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515-16 (D.N.J. 1996) (internal citation omitted). Third Circuit jurisprudence dictates that a Rule 7.1(i) motion may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677

(3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); Agostino, 2010 WL 5392688 at *5.

**II. Analysis**

Plaintiff alleges that his motion for reconsideration is appropriate pursuant to Local Civil Rule 7.1(i) because this Court "overlooked the fact that the reasons supporting the Court's opinion were never stated by the Plan in any administrative determination." Plaintiff's Br. at 2. Plaintiff argues that the Court overlooked factual evidence presented by the Plaintiff with respect to his demands for re-calculation of his Benefits Eligible Compensation ("BEC"). Id.

To the contrary, not only did this Court consider Plaintiff's argument regarding his BEC calculation, but in an effort to afford Plaintiff every benefit of the doubt, this Court ordered supplemental briefing on this very issue raised by Plaintiff. As the Court stated in its September 21, 2010 Opinion:

> The Court . . . does not understand Plaintiff's argument to stem from the denial of Plaintiff's 2003 STD claim, but rather that Plaintiff experienced Intermittent Chronic Disability throughout 2004 and that, therefore, the 2004 disability date, and benefits calculation, should have been earlier. . . .
>
> If the evidence presented to the Plan . . . related to qualifying absences occurring earlier it is not at all clear why the Plan excluded those absences when determining the onset date. Similarly, if there is no such evidence or it was never presented to the Plan, then Plaintiff's failure to appeal the 2003 denial is

>     fatal to his claim to a re-calculated benefit. . . .
>     The Court will, therefore, require further briefing to
>     address this issue.

See Dkt. No. 16 at 29-30.

Upon receipt of the supplemental briefing by both parties, this Court held:

> [T]here is simply no evidence which a trier of fact could conclude that Defendant's 2004 disability determination and related benefits calculation was "without reason, unsupported by substantial evidence or erroneous as a matter of law."

December 2, 2010 Opinion, Dkt. No. 25 at 6.

Plaintiff now alleges that Defendant used the supplemental briefing process to provide a post hoc justification for its BEC calculation. This Court disagrees. Defendant had consistently argued that there was no basis to re-calculate Plaintiff's benefits because 1) Plaintiff had failed to qualify for short-term disability benefits in 2003 and failed to appeal; and 2) Plaintiff's 2004 short-term disability benefits were properly calculated pursuant to the specific provisions of the Plan, that is, with a disability onset date of August 3, 2004. Although Plaintiff has continuously alleged that he had qualifying intermittent absences in 2004 that would have warranted a re-calculation of benefits, the record is clear that he never informed the Defendant of them. As such, the Defendant properly calculated the BEC.

In conclusion, the Court notes the paradox presented by Plaintiff's motion for reconsideration. Conrad - aware that the

Plan had used a disability onset date of August 3, 2004 - argues that the Plan should nonetheless have explained the obvious to him, that Plaintiff had failed to provide evidence of an earlier onset.  Although Plaintiff accuses Defendant of making a post hoc justification for its denial of a BEC re-calculation, it seems it is the Plaintiff who is making a post hoc basis for his appeal of the BEC calculation.

**CONCLUSION**

    For all of the above reasons, Plaintiff's motion for reconsideration is denied.

                                       s/Renée Marie Bumb
                                       RENÉE MARIE BUMB
                                       United States District Judge

Dated: March 11, 2011